Reynolds v. Welch et al.

---

## REYNOLDS *vs.* WELCH ET AL.

[CREDITORS' BILL IN EQUITY TO SET ASIDE MORTGAGE.]

1. *Creditors' bill by simple-contract creditors.*—Section 3446 of the Revised Code confers upon simple-contract creditors the remedy, previously confined to judgment creditors, of a bill in chancery to set aside conveyances made with intent to hinder, delay, or defraud creditors.

2. *Mortgage to bona-fide creditor; when void as against other creditors.* Where a debtor, in failing circumstances, mortgaged to one of his principal creditors almost the whole of his estate, equal in value to fifty per cent. more than the debt secured; stipulating with him, both in the conveyance and privately, for two or more years' delay in its foreclosure, the mortgagee knowing that there were other creditors, who would thereby be hindered, delayed, and most likely totally defeated,—*Held*, that the mortgage was void, under section 1865 of the Revised Code, as against other creditors.

APPEAL from the Chancery Court of Talladega. Heard before the Hon. B. B. McCRAW.

The facts are sufficiently set forth in the opinion.

WATTS & TROY, and M. L. WOODS, for appellant. TAUL BRADFORD, *contra.*

B. F. SAFFOLD, J.—The appellees filed a creditors' bill, to set aside a mortgage made to the appellant by their common debtor, George C. Player, on the ground that it was executed to hinder, delay, or defraud creditors. A demurrer for want of equity was overruled. It was claimed for the defendants that the complainants were purely simple-contract creditors, and not such as were embraced in section 3446, Revised Code. "A creditor without a lien may file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor." The above section was enacted in 1860, and was intended to confer upon the creditors therein described the rights and remedies provided in section 1865, Revised Code. A creditor with a lien had previously a right to go into chancery to enforce his lien, and so had a judgment creditor without a lien, but who had exhausted his legal remedies, a resort to the same forum.—*Pharis v. Leachman,* 20 Ala. 662. It was obviously the intention of the legislature, in the passage of the statute (Revised Code, § 3446), to enlarge the jurisdiction of the chancery court, and, in cases where the relation of debtor and creditor purely exists, to invest the creditor without a lien or a judgment with the privilege, hitherto confined to judgment creditors, of enforcing section 1865, Revised Code. This being so, the facts stated in the bill clearly show the jurisdiction of the court. There was no error in overruling the demurrer.

2. Section 1865, Revised Code, declares void all conveyances, &c., made with intent to hinder, delay, or defraud creditors, &c. A *bona-fide* creditor may, by fair contract,

purchase and receive the effects of his debtor in payment of such debt, even though the known effect may be to hinder or defeat his other creditors.— *Young v. Dumas*, 39 Ala. 60. But, if there is an actual intent to hinder, delay, or defraud other creditors, the existence of a just debt, or other valuable consideration, is not sufficient to uphold the transaction.—*Pulliam, Willis, Rankin & Co. v. Newberry's Administrator*, 41 Ala. 168. Though there can be no actual fraud without intention, it is constructive fraud to tie up property from other creditors, for the benefit of one, and the temporary advantage of the debtor.— *Wiley, Banks & Co. v. Knight*, 27 Ala. 336. In *Gazzam v. Poyntz*, 4 Ala. 374, it was considered as settled law, that " a debtor may convey his property in trust to pay one or more creditors in full, or to pay his creditors in unequal proportions, provided he relinquishes all control over it, and stipulates for no pecuniary benefit to himself, but fairly and *bona fide* appropriates it to the payment of his debts."

With the above principles in view, do the facts in this case show an intention on the part of the mortgagee and mortgagor to hinder, delay, or defraud the other creditors of the latter? The reservation of some pecuniary advantage to the debtor, though generally a badge of fraud, would not be so when the appropriation to the preferred creditor was less in value than his debt, or consisted of property not subject to the debtor's liabilities. The conveyance, by deed, absolute, or mortgage, to the favored creditor, of property decidedly greater in value. than· the debt paid or secured, with a reservation to the debtor of a pecuniary benefit, would be a marked indication of an intention at least to hinder or delay other creditors, and therefore of constructive, if not actual, fraud.

The evidence establishes that Player, the mortgagee and debtor, was in failing circumstances, and that after his mortgage to Reynolds he was hopelessly insolvent as to his other creditors. The property conveyed was worth at least fifty per cent. more than the debt secured. His purpose in giving the mortgage was what he declares it to have been, to shield his property from the attacks of his

creditors until, by years of toil, he might be able to pay their demands.    This intention, no matter how creditable to him, was illusory in fact, and in law one to hinder and delay them.

Reynolds, of course, desired to secure the payment of his demand.    He knew that Player had other creditors, and, in order to obtain the security offered, he complied with Player's requirements for time, as shown in the conveyance, and further stipulated with him, privately, not to foreclose his mortgage as long as Player had any reasonable prospect of extricating himself from his embarrassments.    He gave no new consideration deemed in law valuable for the mortgage, except the time.    His note for $3,000, which he relinquished, was made up of usurious interest and Confederate currency loaned.    He certainly knew Player's motive in giving the mortgage, and he not only stipulated with him for two or more years' use of the property, but provided against a large increase of his own debt in the accumulation of interest.

It is not sufficient that no fraudulent or improper motive influenced the creditor, and that he made the best arrangement he could to secure his debt.    If he tie up more of his debtor's property than is sufficient to secure his debt, exempting it for an unreasonable time from his other creditors, and provide specially, or as a result of law, for a permanent benefit in the meantime to the insolvent, by retaining the possession, if there be creditors known to the parties who may be delayed or hindered in the collection of their debts, and the necessary consequence of the transaction must be to hinder or delay them, the court is justified in inferring that the deed was made with fraudulent intentions.— *Wiley, Banks & Co. v. Knight*, 27 Ala. 336; *Montgomery's Executors v. Kirksey*, 26 Ala. 172; *Pope & Son v. Wilson*, 7 Ala. 690.    We find no error in the decree of the chancellor.

The decree is affirmed.