# New v. Young.

## Ejectment.

(Decided June 12th, 1906.  41 So. Rep. 523.)

1. *Evidence; Subsequent Acts or Declarations.*—In a prior suit for the cancellation of certain deeds witness filed an answer admitting the allegations of the bill, which answer was offered in evidence, in this suit; and, it was not comeptent for witness to state that she afterwards filed an amended answer denying the allegations of the bill, such subsequent acts or declarations not being available to fortify her testimony, and offering no explanation of her previous admissions.

2. *Witnesses; Impeachment.*—The proper predicate having been laid and witness having denied knowledge of the contents of an affidavit made by her certifying that certain sums of money had been loaned her at various times, the affidavit was admissible for impeachment, and as showing her knowledge of its contents.

3. *Evidence; Pleadings.*—The bill was admissible to show what admissions were made by an answer admitting its averments, it being shown that witness signed the answer.

4. *Witnesses; Contradiction.*—Where it was shown that a witness had signed an affidavit which was contradictory of his then testimony, it was properly admitted in evidence, although witness testified that improper means were used to procure his signature thereto.

5. *Ejectment; Improvements.*—Irrespective of the statutory suggestion of three years adverse possession, a defendant in ejectment is entitled to prove the value of improvements placed on the property by him in good faith, in reduction or extinguishment of rental damages, though he may not have a judgment over in the absence of such suggestion.

6. *Fraudulent Conveyances; Rights of Creditors.*—Where the wife
of plaintiff conveyed to her brother-in-law and he to plaintiff,
the land in controversy, for the purpose of defrauding defend-
ant, who had a mortgage on the land, and was a creditor of
plaintiff's wife, defendant was entitled to break down plain-
tiff's title by proof of such fraud, although plaintiff had no
knowledge of defendant's mortgage.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

This was a statutory real action in the nature of
ejectment brought by apellant against appellee to re-
cover certain lands therein described. The plaintiff
bases his right of recovery upon a patent issued by the
United States, Aug. 5th, 1897, to Martha Baker as the
widow of Henry Baker who made the original entry on
the lands. A deed from Martha New, formerly Martha
Baker and George New, her husband, to Charles New
of date, June 16th, 1900, and a deed from Charles New
to this appellant, all of which papers were properly
identified. The witness Martha New denied that the
appellee had ever loaned her any money. The question
was then asked her if she was not the same Martha New
then Martha Baker who went to the office of Gregory
L. and H. T. Smith with William Young, Jr., on the
9th day of October, and if she did not sign an affidavit
then shown to the witness. Witness admitted that she
was the same person and that she went to the office of
said Smith on said day and that she signed the affidavit
shown her, but she did not know what the contents
were. She denied all of the facts stated in the affida-
vit. The affidavit was then offered and objected to by
the plaintiff, which objection the court overruled. The
contents of the affidavit was that prior to March 12,
1898, the appellee loaned her $100 and took her prom-
issory note; that subsequently he loaned her another
$100 and later another $100 for all of which he took her
notes; that on May 12, 1898, he loaned her another
$100 for which he took her note and a mortgage on the
land to secure the money then and previously ad-
vanced to her with an agreement that if she did not pay
the money when due, appellee was to pay her another
$100 and take a deed to the land. That in Feb. 1900,

she married George New who knew all about this mortgage transaction. That sometime in June, her husband told her she could beat Young out of this debt and mortgage by making a conevyance of her property to her brother Charlie New and letting Charlie make a deed back to him, her husband; and that he would hold the property for her and it would be her property but they would beat Young; that she yielded to persuasion, made the deed and that George told Charlie the purpose of the deed in her presence; that they had a deed made from her and her husband to Charlie New reciting a consideration of $10.00 and then a conveyance from Charlie New to George New. Charlie gave George $10.00 and then gave him another $10.00, and when the deed was made from George to Charlie, George gave Charlie the $20.00 back, and Charlie gave George the deed. That she went on living on the property and in March, 1901, her husband abandoned her. That about June 12th, Young came to her and offered to pay her the other $100 agreed on and asked her to make him a deed to the property. She took the $100 and made him an absolute deed to the property, and so far as she knew Young did not know of the deeds which had passed between her, Charles and George New. Young afterwards filed a bill in chancery setting up his mortgage, and the facts alleged in the affidavit above set out, the fact of a deed from Martha New to himself, his want of knowledge of the fraudulent transaction by which the equity of redemption was vested in George New, and praying that it be ascertained and decreed that George New had abandoned his wife before the conveyance by Martha New to him; that said George New's name was not necessary to said deed; that the conveyance to Martha New to him be declared a valid and binding conveyance; and a cancellation of the deeds from Martha Baker to Charles New and from Charles New to George New as a cloud upon his title, etc. George New and Martha New were made parties respondent to the bill. Martha New filed an answer edmitting the allegations of the bill. The defendant offered the answer of Martha New in evidence, and offered the bill for the purpose of showing what said

Martha New admitted by the admission of her answer. The plaintiff objected but the court overruled the objection.

Walter Baker, a witness for the plaintiff, testified that he was a son of Martha New, that he was present when Young and Whitner were at the house fixing up some papers for his mother to sign; that Young told him he was fixing up a mortgage against George New. Young further stated that he wanted to buy a place from witnesses mother but he could not buy it because she had made a deed to Charles New and Charles had made a deed to George, and that the only way he could get it was to get a mortgage and date it back of these deeds; that Young took witness off, got him drunk and took him down to Mr. Smith's office and told him if he would sign a paper he would give him $200. That he signed the paper but after he got sober, he realized that he had done wrong and went down and asked Mr. Smith to give him back the paper, but Mr. Smith refused. The affidavit made by Baker was contradictory of the above statements made by him as a witness. The court in his general charge said to the jury: "If the plaintiff was not aware of any debt due by Martha New to William Young, and was not aware of the existence of the mortgage of Martha Baker to William Young, the plaintiff would not be barred by the defendant's mortgage. The deed would be a good deed as against the claim of the defendant." The plaintiff excepted to the above set out charge of the court; and also excepted to the following portion of the court's oral charge: "That if the jury are reasonably satisfied from the evidence of the relation of these parties to each other, and the consideration set up in the deed, that they could consider that for the purpose of and as a circumstance tending to show whether it was a bona fide deed or not. The plaintiff also requested the court to give the following written charges, which were refused: Charge 1. The court charges the jury that if they find from the evidence that the plaintiff is a purchaser for a valuable consideration of the property involved in this suit, and that at the time of the purchase he had no notice of the defendant's mortgage on this property, then said mort-

[New v. Young.]

gage was void as to the plaintiff, and if you so find, then the plaintiff is not entitled to recover. Charge 2. The court charges the jury that the plaintiff is a purchaser for a valuable consideration of the property involved in this suit, and if they find from the evidence that at the time of the purchase by the plaintiff he had no notice of the mortgage of the defendant on this property, then said mortgage is void as to the plaintiff. There was judgment for defendant and plaintiff appeals.

FRANCIS J. INGE, for appellant.—The affidavit made by Martha New was improperly admitted.—29 A. & E. Ency. of Law, (1st Ed.) 813; 20 A. & E. Ency. of Law, (2nd Ed.) 1111. (Counsel discuss other assignments of error, but cite no authorities.

GREGORY L. and H. T. SMITH, for appellee.—No brief came to the reporter.

ANDERSON, J.—There was no error in sustaining the objection to plaintiff's question to witness Smith: "If Mrs. New did not subsequently file an amended answer denying the allegations of the bill?" She could not use subsequent acts or declarations to fortify her own testimony, and this was no explanation of an admission made in the original answer.

There was no error in permitting the defendant to introduce the affidavit made by the witness Martha New, as it was contradictory of her own testimony and a proper predicate was laid; and while the witness did not deny making the affidavit she denied knowledge of its contents, which gave the defendant the right to prove that she did know the contents when she made the affidavit, and the affidavit was, of course, properly admitted.

There was no error in the ruling of the trial court in permitting the introduction of the bill in chancery. The defendant admitted signing the answer admitting the averments of the bill, and the bill had to be admitted to prove what she admitted, and was relevant if it contradicted or impeached the witness. Nor was there any

error in overruling plaintiff's objection to the introduction of the answer.

There was no error in admitting in evidence the affidavit made by Walter Baker. It was contradictory of his testimony, he admitted having made it, and it was competent to get his former statement before the jury by introducing the affidavit.

There was no error in permitting defendant to prove valuable improvements on the land against the rent or damages, in the event the plaintiff recovered the land. A defendant has the right to prove valuable improvements erected by him in reduction or extinguishment of the rental damages, irrespective of the statutory suggestion of adverse possession, but would, of course, not be entitled to a judgment over in the absence of the statutory suggestion.—*Kerr v. Nicholas*, 88 Ala. 346, 6 South. 698; *Gordon v. Tweedy*, 74 Ala. 232, 49 Am. Rep. 813.

There was no error of which the plaintiff can complain as to the oral charge of the court.

The trial court properly refused charges 1 and 2, requested by the plaintiff. We are aware of the fact that a purchaser for value without notice, whether the consideration be adequate or not, would be protected under section 1005 of the code of 1896, as against unrecorded conveyances. But section 2156 of the code of 1896 may have some influence on the case at bar. If Wm. Young was a creditor of Martha New, and the conveyances made by Martha New to Charles New and by Charles New to George New were made to hinder and delay the creditors of Martha, they were void as against said creditors. There was evidence from which the jury may have inferred fraud, and that William Young was a creditor; and, if he was, he had the right to break down the plaintiff's title and defeat a recovery, whether the plaintiff knew of the existence of his mortgage or not. —*Howell v. Carden*, 99 Ala. 100, 10 South. 640; *Thames v. Rembert's Adm'r*, 63 Ala. 561. He may not have known of the mortgage, yet may have known that Young was a creditor of Martha.

The judgment of the circuit court is affirmed.

TYSON, SIMPSON, and DENSON, JJ., concur.