(127 So. 246)

### FRASIER v. STATE.

6 Div. 656.

Court of Appeals of Alabama.

Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

Mathews & Mathews, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors.

The evidence was ample to sustain the verdict of guilt returned by the jury, and the judgment of conviction rendered thereon.

■ Inasmuch as appellant was acquitted of the charge of distilling prohibited liquor, he is in no position to complain of the overruling of his objection, even if such action was erroneous, to the questions to the witness Harrison calling for information as to the details of the process of distilling whisky. We fail to see how the answers to such questions could have been injurious to appellant.

■ On the question of error, vel non, in refusing to give at appellant's request the general affirmative charge in his favor, as to the second count in the indictment, on which he was convicted, appellant's able counsel, in their brief filed here, assert boldly that:

"There is no evidence in this case from which a legitimate inference can be drawn that the defendant was either in the actual or constructive possession of the still in question!" And this assertion is made in brief, in the face of the direct testimony of the witness Lige Ross that: "* * * And John Frasier went to two stills up on the hill and fired them up," and "I saw all five of the men (including appellant) participating in the building of the fire at the still; *every one* of them helped." We cannot agree with the above-mentioned statement by said counsel in their brief.

The written charges requested by, and refused to, appellant, have each been examined. In regard to each, we find that, if it is correct, and should have otherwise been given, the substance of same had been fully covered by, and included in, either the trial court's excellent oral charge or some one of the ten written charges given at appellant's request. It was then, of course, proper to refuse said charge. Code 1923, § 9509.

Exception was reserved to the action of the court in overruling defendant's objection to a portion of the argument of the solicitor to the general effect that the reason that "they (the arresting officers) didn't arrest John Frasier (earlier) was because he was hiding in the woods," etc. But we find in the evidence sufficient basis to support this inference—at least to render the argument not improper.

■ With reference to the other portion of the solicitor's argument, commenting upon defendant's failure to testify in the case, which portion was not objected to, but the making of which was made one of the grounds of defendant's motion for a new trial, it seems only necessary to say that, while same was thoroughly improper, considered apart from the circumstances under which it was made, it was in direct reply to argument of the same nature and character made by defendant's counsel—was, we might say, invited, by defendant's counsel, in their just previously delivered argument. No objection was made to it, and we hold that, under the circumstances, appellant is in no position to complain of it here.

We have searched the record diligently for prejudicial error, and, finding none, the judgment of conviction must be, and is, affirmed.

Affirmed.