171 So. 643

### GREEN v. STATE.

6 Div. 922.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied Jan. 14, 1937.

350

George Ross, of Bessemer, and Horace C. Wilkinson, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

The appellant questions several rulings of the trial court with reference to the legality of the grand jury finding the indictment and the venire by which he was tried. Counsel, in effect, concede that the rulings of the trial court substantially conformed to the "Robinson Jury Law" Gen. Acts 1932, Ex. Sess., p. 89, but vigorously argue that said act is invalid as violative of several constitutional provisions. It is sufficient to suggest that the validity of this act was upheld by the Court of Appeals in the case of Dixon v. State, 232 Ala. 150, 167 So. 349. This court not only denied the certiorari in said case, but expressly approved the opinion of the Court of Appeals, 167 So. 340.

The State introduced as its witness Will Dowdell, a nephew of the deceased, an eyewitness to the killing. The trial court subsequently permitted the State to introduce in evidence the entire transcript of the evidence of this witness before Judge Abernathy upon the preliminary trial. This was patently improper and illegal. It is well established by the decisions of this court that a party cannot offer previous statements or testimony of his own witness for the purpose of bolstering or corroborating his testimony. Long v. Whit, 197 Ala. 271, 72 So. 529, and cases there cited. True, defendant's counsel, upon cross-examination of the witness, Will Dowdell, asked him several questions relating to his testimony before Judge Abernathy for the purpose of impeachment, but the trial court sustained the objection to one of them and one of them was of no importance. The only one that amounted to a predicate for impeachment was the fact that he testified before Judge Abernathy that he was "out on a strike." Witness could not remember, and this was equivalent to a denial for impeachment purposes. Henson v. State, 120 Ala. 316, 25 So. 23; Brown v. State, 79 Ala. 61; Payne v. State, 60 Ala. 80. The defendant, however, did not follow this up by introducing the testimony before Judge Abernathy, or any portion of same, and, in this regard, the witness was in nowise impeached and there was no excuse in reason or law for the introduction of the transcript of Will·Dowdell's evidence before Judge Abernathy by the State.

As to so much of the argument of the solicitor that stated "that this Captive Mine Brotherhood proposition was something that the company, that the big boys of that corporation was interested in," we think that the corporation or company so referred to could only have meant the Tennessee Company, and we find no evidence that it or the "big boys" of the corporation had any interest in the Captive Mine Brotherhood. On the other hand, McCrorie testified that the company, meaning the Tennessee Company, has nothing to do with or· control over either the "Captive Mine Workers" or the "United Mine Workers." Whether this part of the argument should have been so separated or segregated in the objection as to put the trial court in error we need not decide, as the case must be reversed for other reasons.

The trial court should have sustained the objection to the solicitor's argument that referred to the deputy sheriffs who served the subpœnas as "shack rousters" and what they told the witnesses. In the first place, it was not supported by the evidence, and even if it was, the defendant was not responsible.

352

The rulings upon the evidence have been considered and we find that the trial court committed no reversible error in said rulings other than heretofore pointed out. True, counsel for the State asked several improper questions, but any error in overruling the objections thereto was rendered innocuous by the answers of the witnesses.

There was no error in giving the charges requested by the State.

There were many charges refused the defendant, some of which were good and some misleading or argumentative, if not otherwise faulty. It would be tedious and useless to discuss them in detail, as the trial court not only gave many of the defendant's requested charges, but rendered a very full and able charge covering every phase of the case, and such of the defendant's requested charges as may be correct were substantially covered by his given charges or the oral charge of the court.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.