106 So.2d 244

Henry McMILLIAN

v.

The STATE of Alabama.

2 Div. 394.

Supreme Court of Alabama.

Nov. 6, 1958.

John W. Drinkard, Linden, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This appellant was tried on an indictment charging murder in the first degree, convicted of murder in the second degree, and sentenced to thirty years imprisonment in the penitentiary, for killing Robert Mc-Querta, also known as Boston McQuerta, by cutting him with a knife or striking him with a bottle.

The evidence for the state tended to show that about 11:30 P.M. on a Saturday night in August, 1957, the defendant and his brother, Willie, cut the deceased with knives at a honky-tonk in Marengo County; that the deceased was stabbed many times in the front of his body by Willie while defendant was cutting deceased in his back; that shortly afterward deceased was taken to Dr. J. D. Nettles who undertook to stop the bleeding and sew up the wounds which required 120 stitches; that deceased appeared to be 18 or 19 years old; that the wounds were all fresh knife wounds; that they were calculated to produce death; and that in the opinion of the physician deceased died of these multiple knife wounds. It appears that the doctor succeeded in stopping the bleeding of all wounds except one in the back which continued to bleed and that possibly a broken knife blade was in this wound. The state's evidence tended to show that the attack on deceased was made with little or no provocation.

The evidence offered by defendant tended to show that the cutting was entirely the work of Willie, and that the defendant took no part therein. Seven witnesses testified as to defendant's general reputation, his reputation for peace and quiet, and for truth and veracity. These witnesses swore that defendant's reputation was good in all three particulars, and that they would believe him under oath.

No exception was reserved to the court's oral charge which adequately instructed the jury on the law of the case, and no charge requested by defendant was refused.

As required by the statute in criminal cases, we have carefully examined the record for error. We find only one particular requiring comment.

During the direct examination of the state's witness, Jim Steel, the solicitor was permitted by the court, over objection

of defendant, to inquire of the witness whether or not he had made a certain statement to the sheriff which was in conflict with the testimony given by the witness on his direct examination.

The trial court did not commit error in overruling defendant's objection to this question. In White v. State, 87 Ala. 24, 26, 5 So. 829, 830, this court said:

"A party may ask his witness, for the purpose of refreshing his memory or of showing that he has been put at a disadvantage by unexpected evidence, whether, at a certain time and place, he has not made certain statements inconsistent with his testimony on the stand, even though the admission of such inconsistent statements will injuriously affect the witness' credibility with the jury. Campbell v. State, 23 Ala. [44], 77; Hemingway v. Garth, 51 Ala. 530; [Roscoe's] Crim.Ev. 103; 1 Greenl.Ev. § 444. While this cannot be done, when the purpose and only effect of such evidence is to impeach the witness (Gandy v. State, 81 Ala. 68, 1 So. 35); yet, the mere fact that the party expects the witness to admit the contradictory statements is not sufficient to show that the purpose and sole effect of the examination is to impeach the witness or to justify the exclusion of the testimony. * * *"

See also: Griffith v. State, 90 Ala. 583, 8 So. 812; Linnehan v. State, 116 Ala. 471, 22 So. 662; Thomas v. State, 117 Ala. 178, 23 So. 665; Jackson v. State, 226 Ala. 72, 145 So. 656; Pruitt v. State, 232 Ala. 421, 168 So. 149; Hickman v. State, 12 Ala.App. 22, 67 So. 775; Moulton v. State, 19 Ala.App. 446, 98 So. 709; Duncan v. State, 20 Ala.App. 209, 101 So. 472; Largin v. State, 20 Ala.App. 610, 104 So. 556; Jarrell v. State, 35 Ala.App. 256, 50 So.2d 767.

■ The conflicting tendencies of the evidence presented a question for the jury. The evidence was ample to sustain the verdict of the jury, and the grounds of the motion for a new trial to the effect that the evidence was insufficient to convict and that the verdict was contrary to the great preponderance of the evidence were overruled without error. No error to reverse appearing in the record the judgment below is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.