120 So.2d 124

**John Billy FLOURNOY**

v.

**STATE.**

**3 Div. 818.**

Supreme Court of Alabama.

Jan. 21, 1960.

Rehearing Denied April 7, 1960.

Geo. P. Howard, Wetumpka, for peti-
tioner.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Petitioner, Flournoy, was tried on indictment for robbery. The jury found him guilty of an assault. Conviction was affirmed by the Court of Appeals. On petitioner's application to the Supreme Court for certiorari the writ was granted. The insistence of petitioner is that in affirming the judgment below the Court of Appeals erred in three particulars which we will consider in the order in which they are argued.

### Question 1.

Petitioner argues that the Court of Appeals erred in holding that the trial court did not commit error in permitting Officer Ward, for the purpose of refreshing his memory, to refer to the police report which he had made. The particular objection urged is that there was nothing in the evidence to show that the memorandum referred to by the witness was made contemporaneously with the transaction to which the memorandum related, or at a time when the facts were still fresh in the mind of the maker of the memorandum.

◼ The proposition of law relied on by petitioner has been expressed by this court as follows:

"* * * It is not permissible for a witness, against the objection of the adverse party, to use a memorandum to revive his memory, unless it was made at the time of the transaction concerning which he is questioned, or so recently thereafter that it may be inferred that the matter was then fresh in his mind. Calloway v. Varner, 77 Ala. 541; Jaques v. Horton, 76 Ala. 238; 7 Amer. & Eng.Enc.Law, 111. * * *." Howell v. Carden, 99 Ala. 100, 108, 10 So. 640; Howell v. Bowman, 99 Ala. 100, 10 So. 640, 643.

The opinion of the Court of Appeals recites that the memorandum used by the witness "was prepared by himself pursuant to his duties in connection with his investigation of the alleged robbery."

◼ We are of opinion that the Court of Appeals was correct in holding this fact to be, prima facie at least, a showing that the memorandum had been made at a time when the facts were fresh in the mind of the witness. If the report had been made

by the witness at a time when the facts were not fresh in his mind, then it would not have been made "pursuant to his duties," but would have been made in neglect or improper performance of his duties.

■ In the absence of any evidence to show that the report was made at a time when the maker did not remember or when his memory was clouded as to the matters recorded in the report, the trial court will not be put in error for permitting the witness to refresh his recollection by referring to the report he himself had made pursuant to his duties.

If on voir dire or cross-examination it should appear that the report was made so long after the transaction as to be unreliable, then the objection to using the memorandum to refresh the recollection of the witness should have been sustained. Howell v. Carden, supra.

### Question 2.

Petitioner argues that the Court of Appeals erred in holding as follows:

"Inasmuch as defendant was acquitted of the charge of robbery, he could not complain of the trial court's action in overruling objections to questions to the prosecuting witness as to whether he gave up his money willingly or whether it was taken from him by force. Frasier v. State, 23 Ala.App. 407, 127 So. 246."

The State argues:

"We submit that the Court of Appeals was correct in so holding. Since the appellant was acquitted of robbery it was immaterial to the issues involved whether his money was taken from him or not."

■ We agree that the question of the taking of the money became immaterial when petitioner was acquitted of robbery, but we do not agree that the question as to the application of force against the assaulted party also became immaterial.

An assault has been defined as follows:

"An assault is any attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with a present ability to carry such intention into effect." Tarver v. State, 43 Ala. 354, 356.

In determining the issue of defendant's guilt or innocence of an assault, the jury was required to determine whether or not "an attempt or offer, with force or violence," had been made against the prosecuting witness, either by defendant himself or by another with whom defendant was acting in concert. Yet, the question called on the witness to say whether or not it was *by force* that his money had been taken from him. The witness was thus permitted to state his conclusion on, or decide, the very issue which the jury was to decide.

In reviewing a conviction for assault with intent to ravish, this court said:

"Whether or no 'the prosecutrix was attacked by the defendant, who attempted to ravish her, but failed and did not accomplish his purpose,' was a compound question of law and fact determinable by both the court and the jury. The answer was as if, in a trial for murder, a witness should be allowed to say that the defendant *murdered* the deceased. The facts of the conduct of the accused only should have been stated." Scott v. State, 48 Ala. 420, 421.

In reviewing another conviction for the same offense, the Court of Appeals said:

"Witness Daisy Ferguson was permitted to testify to the substantive fact 'John Taylor assaulted me in May of this year.' As to whether defendant assaulted her or not was a conclusion, and a witness may not be permitted to state a conclusion. * * *." Taylor

v. State, 20 Ala.App. 161, 163, 101 So. 160, 161.

■ So in the instant case, whether or not the taking was *by force* is a conclusion on a material matter within the province of the jury, and not a matter as to which a witness may properly state a conclusion. The contrary holding is in error.

In Frasier v. State, supra, the Court of Appeals said:

"Inasmuch as appellant was acquitted of the charge of distilling prohibited liquor, he is in no position to complain of the overruling of his objection, even if such action was erroneous, to the questions to the witness Harrison calling for information as to the details of the process of distilling whisky. We fail to see how the answers to such questions could have been injurious to appellant." 23 Ala.App. 407, 408, 127 So. 246.

We do not see the analogy between the Frasier case and the case at bar.

### Question 3.

■ Petitioner complains that the Court of Appeals erred in holding there was no error in the trial court's action in permitting the prosecuting witness to refer to a written statement made by him at police headquarters and in overruling objection to questions asking this witness if he did not make a certain statement to the officers. The evidence on this point is not set out in opinion of Court of Appeals. From aught that appears in the opinion, the reference to the statement was properly allowed under the rule that

"* * * a party cannot impeach his own witness by showing that he is unworthy of belief, or by proving that he has made contradictory statements, but he may refresh his memory in a proper way. * * *." Louisville & Nashville Railroad Co. v. Hurt, 101 Ala. 34, 44, 13 So. 130, 132.

See McMillian v. State, 268 Ala. 363, 106 So.2d 244, where this rule was recently considered and authorities cited.

■ If the evidence of the former statement of the state's witness was offered merely to bolster his testimony, then the trial court was in error in overruling defendant's objection to such statement. Nichols v. Stewart, 20 Ala. 358.

"* * * It is well established by the decisions of this court that a party cannot offer previous statements or testimony of his own witness for the purpose of bolstering or corroborating his testimony. * * *." Green v. State, 233 Ala. 349, 171 So. 643, 644.

"But proof of statements made by a witness out of court is inadmissible to corroborate his testimony at the trial. (Citations omitted.)" Evans v. State, 39 Ala.App. 498, 500, 105 So.2d 831, 832.

■■ The case of Willingham v. State, 261 Ala. 454, 74 So.2d 241, is cited by the Court of Appeals in support of its holding in the instant case. The Willingham case is rested on the rule stated in Louisville & Nashville Railroad Co. v. Hurt, supra. The result reached by the Court of Appeals could only be reached by a finding that the rule referred to applies in this case. On certiorari, we will not review the conclusion and findings by the Court of Appeals or the application of the law to the facts by that court in the absence of an adequate statement of the facts in the opinion of that court. Consford v. State, 200 Ala. 23, 75 So. 335.

■ Petitioner also complains that the Court of Appeals erred in holding the trial court did not err in overruling defendant's objection to what the witness told the officers the boys said after the witness had been shown the written statement. The Court of Appeals cites 6 Ala.Dig., Criminal Law, ☞396(2), where cases are cited to support the rule that when part of a conversation is put in evidence by one par-

ty, the other party may call for the whole conversation.

The evidence relating to this proposition is not set out in the opinion of the Court of Appeals, and the rule of Consford v. State, supra, applies here also.

For the error pointed out, the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

All the Justices concur.