(107 So. 821)

## ALABAMA WATER CO. v. WILSON.
(8 Div. 853.)

(Supreme Court of Alabama.    April 1, 1926.)

**1. Waters and water courses ⬤═209 — Allegation that contract with water company was made in compliance with regulations of Public Service Commission held unnecessary.**

Parties, entering into contract for a water supply, are not assumed to have violated any law, ordinance, rule, or regulation, binding on them; hence, in action on such contract, it was unnecessary to allege it was made in compliance with rules and regulations approved by the Public Service Commission.

**2. Pleading ⬤═194(1), 354(2)—Sufficiency of pleas, stricken on motion, should have been tested by demurrer.**

In action against water company for wrongfully failing to furnish water, the sufficiency of pleas that there was no contract, and that the stoppage of water resulted from unavoidable accident, should have been tested by demurrer, and it was error to strike them out on motion.

**3. Appeal and error ⬤═1042.(1)—Error in striking out pleas on motion was not prejudicial; the matters therein having been submitted to jury under the general issue.**

Error in striking out pleas on motion, which should have been tested by demurrer, was not prejudicial, where the matters therein set up were admissible under general issue, were introduced in evidence, and issue thereon was submitted to jury.

**4. Appeal and error ⬤═1050(2).**

Reversal cannot be considered on account of admission of testimony devoid of materiality, and effect on the issues.

**5. Appeal and error ⬤═738.**

Consolidation of several rulings on evidence and treating them as one in an assignment of errors can avail nothing, unless all are well assigned.

**6. Waters and water courses ⬤═202—Regulation of water company requiring written application for service which becomes contract by acceptance can be waived.**

Regulation of water company requiring written application for service, which embodied a contract when accepted, and a new application

on change of ownership or tenancy, is for its benefit, and can be waived by it.

**7. Waters and water courses ⚖═201—Contract of water company to supply water held implied.**

Where, after plaintiff became occupant of premises to which water company had supplied water pursuant to written application of his vendor, the company continued to supply water without a written application by plaintiff, *held*, finding of implied contract fully as binding as a written contract was warranted.

**8. Evidence ⚖═471(17)—Question whether shutting off water supply was an unavoidable accident called for mere conclusion, and was properly disallowed.**

In action against water company for wrongfully failing to supply water, defendant's question whether what happened was an unavoidable accident was properly disallowed, since it called for a mere conclusion.

**9. Witnesses ⚖═236(1)—In action for interruption of water supply, question as to cutting off other consumers held properly excluded as argumentative.**

In action against water company for wrongfully failing to furnish water, question whether plaintiff's water would have been cut off as well as everybody else's was, in its full form, an argument which, as a statement under oath, was properly kept from jury.

**10. Evidence ⚖═87—Rules and regulations of Public Service Commission are only prima facie reasonable; presumption in favor of rules of an administrative department not being conclusive.**

In action against water company for wrongfully failing to supply water, instruction that rules and regulations of Public Service Commission were prima facie reasonable was correct; presumptions in favor of regulations of an administrative department not being conclusive.

**11. Waters and water courses ⚖═206—Water consumer's agreement to claim no damage because of stoppage of flow from accident, or necessary repairs, applies only where stoppage is necessary and reasonable.**

Agreement on part of consumer of water to claim no damage on account of stoppage of flow resulting from accident, or where necessary to make alterations, repairs, or improvements, applies only in case stoppage to make alterations, etc., is necessary and reasonable under the circumstances.

**12. Trial ⚖═253(3)—In action for failure to furnish water, instructions for defendant if discontinuance was due to accident were properly refused, as ignoring provision requiring due diligence to give consumer notice.**

In action against company for wrongfully failing to furnish water, instructions to find for defendant if stoppage was due to accident, or necessary repairs, were properly refused, as ignoring provision in contract that in such cases company shall use reasonable diligence to notify consumer of discontinuance.

**13. Trial ⚖═253(3)—In action for failure to supply water, instructions for nominal recovery only, if plaintiff could have saved his meat, held properly refused, as ignoring defendant's assurance that water would be turned on in time.**

In action against water company for failure to furnish water, whereby plaintiff's meat decayed, instructions that plaintiff's recovery could be only nominal if stock could have been saved at small expense *held* properly refused, as ignoring evidence of defendant's assurance that water would be turned on in time to save his goods.

Appeal from Law and Equity Court, Franklin County; Travis Williams, Special Judge.

Action by William E. Wilson against the Alabama Water Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

These charges were refused to defendant:

(1) I charge you, gentlemen of the jury, if the failure of defendant to furnish the plaintiff water was due to an accident, or because it became necessary to shut off the water to make alterations, repairs, or improvements, your verdict should be for the defendant.

(2) I charge you, gentlemen of the jury, that, if you find from the evidence that one of the rules and regulations approved by the Alabama Public Service Commission provides that the customers and patrons of the Alabama Water Company at Russellville, Ala., should claim no damages on account of the stoppage of water resulting from accident, or where necessary to make alterations, repairs, or improvements, and if you further find from the evidence that the flow of water to plaintiff's refrigerator was stopped on account of unavoidable accident, and for the purpose of making repairs, your verdict should be for the defendant.

(3) I charge you, gentlemen of the jury, that, if you believe from the evidence that the plaintiff knew that the water was cut off in time to save his meat by a nominal or small expense, your verdict should be for only a nominal sum.

(8) I charge you, gentlemen of the jury, that, if you find from the evidence that the temperature on the evening of January 26, 1925, the day plaintiff claims water was stopped from flowing to his refrigerator, was such that, by opening the doors of the refrigerator, plaintiff's meat would not have spoiled, then your verdict should be for the defendant.

(9) If you believe from the evidence that the plaintiff could have saved his meat by removing the door of his refrigerator open on the day the water stopped flowing, you will find for the defendant.

(10) I charge you, gentlemen of the jury, that in a case of damage of the kind claimed in this case it is always necessary to minimize the damages as much as possible, and if you find from the evidence that the plaintiff could have avoided his damages by providing a few blocks of ice at a small cost, your verdict, if you find anything for the plaintiff, could not be more than the reasonable cost of the ice.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Key & Key, of Russellville, for appellant.

The complaint is defective in failing to show the contract relied on was approved by the public service commission. Code 1923, § 7779. Unless palpably frivolous, pleas should be tested by demurrer, and not by motion to strike. 4 Mayfield's Dig. 492; Code 1923, §§ 9469, 9470; Powell v. Crawford, 18 So. 302, 110 Ala. 294. Testimony as to plaintiff's agreement with the former user of the water was res inter alios acta. 10 R. C. L. 937; Thweatt v. McCullough, 4 So. 399, 84 Ala. 517, 5 Am. St. Rep. 391. Counsel argue other questions, but without citing additional authorities.

J. F. Guin, of Russellville, for appellee.

It was not necessary that the complaint show that the contract was made in accordance with the regulations of the commission. Ala. Water Co. v. Barnes, 82 So. 115, 203 Ala. 104; Culver v. Caldwell, 34 So. 13, 137 Ala. 125. The striking of special pleas, if error, was without injury; proof of same being permitted under the general issue. Supreme Court rule 45. Where a waterworks company contracts to furnish water for the use of devices requiring a constant flow, knowing the use to which the water is to be put, and knowing the probable consequence of failure to furnish, it is liable for all damages resulting from a stoppage of the flow, regardless of whether same could or could not have been avoided. Watson v. Needham, 37 N. E. 204, 161 Mass. 404, 24 L. R. A. 287; Stock v. Boston, 21 N. E. 871, 149 Mass. 410, 14 Am. St. Rep. 430; Coy v. Ind. Gas. Co., 46 N. E. 17, 146 Ind. 655, 36 L. R. A. 535.

SAYRE, J. Plaintiff kept a market for the sale of fresh meats and, to preserve his stock, had a refrigerating device to which a constant flow of water under pressure was necessary. Defendant, a public water supply company, had been furnishing the water. The complaint was, in short, that defendant upon a certain date wrongfully failed to furnish water, so that plaintiff's meats decayed and were lost to the extent, as the jury found, of $75.

[1] The court correctly overruled those grounds of demurrer to the complaint which charged the complaint to be defective because it failed to allege that plaintiff's contract with the water company had been made in compliance with the rules and regulations made in the premises with the approval of the Alabama Public Service Commission. It is not to be assumed that the parties, entering into a contract for a water supply, violated any law, ordinance, rule, or regulation binding upon them in the premises. That would be defensive matter, if available in any event.

[2, 3] The sufficiency of the pleas stricken on plaintiff's motion should have been tested by demurrer (Powell v. Crawford, 18 So. 302, 110 Ala. 300); still the faulty procedure worked no injury to defendant, for the reason that the matters defendant therein sought to set up by way of defense, viz. that there was no contract and that the stoppage of water resulted from unavoidable accident, might have been shown under the general issue, and, in fact, defendant was allowed without restraint to introduce evidence to that effect, and the issue so raised was submitted to the jury for decision.

[4] Plaintiff was allowed to show by the witness Osborne that the only purpose for which he used waters was to operate the refrigerating plant; this, in connection with proof that the plaintiff had purchased the business from the witness, and that witness had received the water under a written application stating the purpose for which it was to be used—that is, that it was to be used in his business—and that after the sale plaintiff continued to use and pay for the water in the business with the knowledge and assent of defendant's superintendent. We do not see that this testimony served any useful relevant purpose in the case, but, on the other hand, it was so devoid of materiality, or probable or possible effect upon the issues, joined, that no reversal can be considered on account of its admission.

[5-7] Several rulings on evidence are consolidated and treated as one in the thirteenth assignment of error. That method of assigning error can avail nothing, unless it happens that all of them are well assigned. The rulings here in question arose as follows: Defendant had denied liability on the ground, for one thing, that plaintiff had no contract with defendant, and, by the testimony here in question, plaintiff sought to show that, when he bought the business from Osborne, he knew nothing of any contract in writing with defendant for water, nor was then informed of such contract. Regulations provided by defendant with the approval of the Public Service Commission required a written application for water service, which embodied a contract when accepted, and that upon any change of ownership or tenancy of the property there should be a new application, but these regulations were made for the convenience of the water company and might by it be waived, and plaintiff's contention was that defendant, without any formal application on his part, had been furnishing water for his refrigerating apparatus with full knowledge of the use to which it had been put and of the necessity for its continuous supply. This state of facts afforded ample room for the finding of an implied contract binding upon the parties in every respect as fully as if the written form had been required. Plaintiff's purpose in the questions embraced in this assignment seems to have been to show that he knew nothing of any contract in writing between his vendor and

the water company, or of any regulation requiring such a contract. Immaterial, of course, in any aspect of the case—immaterial even as an answer to the baseless defense apparently advanced by the water company, viz. that, if it furnished water, without a contract in writing, to be used in a machine which demanded a continuous flow in order to prevent disaster, it might, without notice to the consumer and without responsibility for consequences, shut off the water at any time it might choose to do so, and all this was explained to the jury by the court, substantially, in its oral charge. It is to be conceded that this method of correcting error in the admission of evidence is inadequate and that, if there is a purpose to revise and correct, the attention of the jury should be drawn to it by an express ruling on the evidence erroneously admitted. There was no such express ruling in this case; but we are unable to conceive how the evidence referred to in this assignment of error could have operated to the prejudice of defendant's case. Indeed, there was nothing in the way of a finding that there was a contract between plaintiff and defendant for a supply of water to his refrigerating plant. The only litigable questions presented were these, viz. whether defendant in the exercise of due care might not have prevented plaintiff's loss by giving him notice that the water was to be shut off, or by the use of its stopcocks might not have isolated the point where its main needed repair and yet permitted the water to flow to plaintiff's place, and whether plaintiff exercised due care to prevent loss after being advised that the water had been cut off. The result, which seems reasonable enough in itself, should not be disturbed because the parties paused for a while to beat the air with a few questions that were at once immaterial and harmless.

[8] Defendant's question whether what happened was an unavoidable accident called for a mere conclusion of the witness, and was properly disallowed.

[9] And the question whether "Bill Wilson's water would have been cut off as well as everybody's else" was, in its full form, an argument which, as a statement under oath, was well kept away from the jury.

[10, 11] Much stress is laid upon the alleged error of the court in instructing the jury that the rules and regulations of the Public Service Commission—meaning rules and regulations approved by the Commission for the conduct of defendant's business— were prima facie reasonable. The argument is that they were conclusively reasonable and, therefore, that they admitted of no variation; this, in connection with the rule, in evidence, that defendant was authorized to require, as a condition precedent to a connection with its water system, an agreement on the part of each consumer that he would claim no damage on account of the stoppage of the flow of water resulting from accident, or where necessary to make alterations, repairs, or improvements. There had been no controversy between the parties concerning the reasonableness of the rules and regulations under which defendant was authorized to conduct its business, and, while there was no particular occasion for the instruction, it was theoretically correct. Such presumptions in favor of the regulations prescribed or approved by administrative departments of government within their respective spheres of action are not conclusive, and may be rebutted in proper proceedings had in the courts for determining the question of reasonableness. But, as we have said, the reasonableness of defendant's regulations was not at issue. The agreement required of consumers applies in case the stoppage of water to make alterations, etc., is necessary, and, as the regulation must be construed even though it stood alone, reasonable in view of the circumstances. This was recognized in the contract required of consumers, for there the stipulation was, in addition to that heretofore quoted, that "the water company will use all reasonable and practical measures to notify the consumer of such discontinuance of service"; that is, discontinuance for necessary repairs.

[12] We have said enough to cover the question raised by the refusal of defendant's requested charges numbered 1 and 2. These charges ignored that feature and interpretation of the contract, rules, and regulations under which defendant was authorized to conduct its business, which required of it reasonable diligence in cases such as was presented by plaintiff's claim.

[13] Charges 3 and 10, requested by defendant, were properly refused, for the reason that they ignored the evidence going to show that plaintiff, after discovering the stoppage of the water, was led by defendant to believe that the water would be turned on in time to save his stock, and that, relying upon this assurance, he failed to take steps to save his stock which might possibly have been available.

Charges 8 and 9, refused to defendant, were open to a like criticism as the above. It would require considerable liberality of construction to find that there was evidence to sustain the hypothesis of these charges, viz. that the outside air was cold enough to save plaintiff's meat, had the door of the refrigerating plant been opened; but, aside from that, plaintiff cannot be charged with a failure to minimize his damages when he importunately sought to know when the water would be turned on and received assurances on which he had a right to rely. The facts here involved were in dispute, but plaintiff's contention had support in the evidence, and the resulting issue of fact was clearly one for jury decision.

The general charge and other equivalent

charges were properly refused. The case was properly submitted to the jury, and we are by no means convinced that the jury blundered in its verdict.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.