82 So.2d 919

CRESCENT AMUSEMENT COMPANY

v.

James Horace KNIGHT, pro ami.

8 Div. 795.

Supreme Court of Alabama.

Special Term.

Sept. 22, 1955.

Rehearing Denied Nov. 3, 1955.

448

Eyster & Eyster, Decatur, for appellant.

Peach, Caddell & Shanks, Decatur, for appellee.

SIMPSON, Justice.

James Horace Knight, a minor suing pro ami, brought this action against the Crescent Amusement Company for damages arising out of an automobile accident on Highway 31 directly in front of the defendant's place of business, a drive-in theater near Decatur, Alabama.

The gravamen of the action is grounded on the alleged negligence of the servant of the defendant, acting within the line and scope of his employment as a flagman stationed on the highway by the defendant at its exit gate and directing the driver of the automobile in which the plaintiff was riding onto the highway when it was not reasonably clear of traffic and safe for travel, and as a proximate result of the alleged negligence of this flagman the automobile of one Motes ran into the rear of the automobile in which the plaintiff was riding, resulting in the alleged injuries. From a judgment for the plaintiff, the defendant brings this appeal.

Numerous errors are assigned by the appellant. Those properly up for consideration will be treated in the order discussed in brief of appellant.

Assignments 27, 28, 30, 31, 33, 34, 35, 36 and 37 charge error of the trial court in refusing to give the defendant's requested affirmative charge.

■ To have entitled the defendant to the affirmative charge the state of the evidence, construed most strongly against defendant, must have been such that the jury could not have found (1) that the defendant's flagman was guilty of negligence proximately resulting in the alleged accident, or (2) that the negligence of the defendant's flagman concurred or coalesced with that of Mrs. Knight (driver of the car in which plaintiff was riding) or Motes (who ran into the rear of the Knight car) so as to proximately cause the plaintiff injury, or (3) that the flagman negligently participated in creating a condition which was dangerous under circumstances he should reasonably have anticipated would occur or that he negligently intervened in a situation he should have anticipated in the exercise of reasonable care, and the plaintiff was injured as a proximate result thereof.

As in most accident cases, the testimony was in conflict as to what parties to the accident were negligent and as to the exact positions of the two cars involved in their relation to the center line of the highway and the drive-in theater screen when the impact occurred. There is no material dispute, however, as to the relative positions of the flagman and the automobile driven by Mrs. Knight immediately before the flagman motioned her onto the highway, and it is not denied by the flagman that he saw the lights of an oncoming north-bound vehicle (Mrs. Knight was also traveling northwardly) prior to his go-ahead signal. There is some dispute as to the identity of this vehicle and as to its distance south of the theater exit when the flagman gave his signal, but it is not disputed that the Motes car was also south of the theater exit and traveling north.

■ In this state of the evidence, inferences adverse to the defendant being thereby created, we think it was a jury question as to whether the flagman was guilty of negligence (Spurlock v. J. T.

Knight & Son, 244 Ala. 364, 13 So.2d 396, and cases cited; McMillan v. Aiken, 205 Ala. 35, 88 So. 135); and, if negligent, whether that negligence proximately concurred in or caused the wreck. Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L. R. 667; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Briggs v. Birmingham Ry., Light & Power Co., 188 Ala. 262, 66 So. 95. We conclude, therefore, that the trial court did not err in submitting the issue to the jury.

### Assignment 22

### (Motion for a new trial)

■■ It is contended that the jury rendered a quotient verdict and that the court erred in not setting it aside. As we view the evidence, it fails to establish that the jurymen entered into any agreement to abide by a verdict to be arrived at by any type of arithmetical computation. On the contrary, the affidavits offered tended to show that the judgment figure was finally fixed by group discussion and independent assent. Without an agreement in advance to abide by the results of addition and division, the verdict cannot be vitiated as quotient. Fortson v. Hester, 252 Ala. 143, 39 So.2d 649; Alabama City, G. & A. R. Co. v. Lee, 200 Ala. 550, 76 So. 908.

■■ It is also insisted that the verdict was against the great weight of the evidence and that the court therefore erred in refusing to grant the motion for a new trial on that ground. We regard the contention as untenable. There was sufficient evidence which if believed by the jury justified the verdict and the presumption in favor of the verdict is strengthened when the presiding judge overrules the motion. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530.

### Assignments 61, 62, 63 and 64

These assignments claim error in the failure of the trial court to exclude certain portions of the affidavits of several jurors on the hearing of the motion for a new trial.

■ Several rulings with respect thereto are consolidated and treated as one

assignment in this series. That method of assigning error can avail nothing unless all are well assigned. Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; Alabama Water Co. v. Wilson, 214 Ala. 364, 107 So. 821. Guided by this principle, we must conclude that the assignments cannot be sustained. Certainly the objection to that portion of juror Oliver's affidavit in which he declared "* * * But there was no agreement of any kind at any time between or among any of the jurors that the result would be taken as the amount of the verdict * * *" is not well taken. As was stated in Mobile & O. R. Co. v. Watson, 221 Ala. 585, 588, 130 So. 199, 201:

> "The objection to the statements in the affidavits that there was no agreement between the individual jurors before setting down the figures and dividing them by twelve, and that no member of the jury was pledged to give any amount more than he had already expressed, because they are statements of a mental conclusion, was, in our judgment, properly overruled. They recite as a fact, not as a conclusion, the absence of an agreement or pledge. * * *"

## Assignments 6 and 11

The questions here presented cannot be reviewed. In each instance no exception was reserved to the ruling of the court in sustaining the plaintiff's objection to the question. Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236, certiorari denied 254 Ala. 10, 47 So.2d 245.

## Assignment 12

This assignment complains of the trial court's ruling in sustaining plaintiff's objection to the following question propounded by defendant to its witness, Officer Stanford: "When you looked and saw this car coming North on Highway 31 down there on the highway, at a point between the curve and the North edge of the woods, could you tell how fast it was running?" This ruling was rescued from error, if so, for two reasons: (1) Later examination of the witness indicated that he did not know the speed of the car inquired about and (2) substantially the same question, in better form, was permitted (though left unanswered) in subsequent examination of the witness by defendant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449.

## Assignments 20 and 21

These assignments relate to the exceptions of the defendant to the court's oral charge.

But we entertain the view that these excepted-to portions of the charge, together with the entire oral charge on the question, correctly instructed the jury as to the duties of the flagman and the motorist under the circumstances related. We think the oral charge enunciated the applicable law. Somewhat analogous is the case of Louisville & N. R. Co. v. Cunningham Hardware Co., 213 Ala. 252, 104 So. 433 (a railroad crossing case), where the court, speaking through the late Mr. Justice Bouldin, stated:

> "Again, the presence of a flagman is in some sense an invitation to rely upon his directions. In fact, the general rule may be well declared, that it is the duty of a person approaching the crossing to keep a lookout for his signals and obey them. His disregard of signals is at his peril, To our thinking, this is inconsistent with the general duty to be looking elsewhere for approaching trains. Again, one aim is to facilitate traffic. Stopping to look or listen in the midst of heavy traffic may greatly impede travel, or even endanger persons who do rely upon the signals of the watchman. This brings us to say the rule should be uniform. The public should know whether to trust or mistrust him, whether to rely upon him or look out for themselves, which involves taking note of conditions to determine what precautions are necessary. Upon principle and, we think, upon good authority, when a watchman is at his post of duty the public is invited to

use his eyes and ears in the discovery of danger from passing trains. One aim being to keep travel moving so far as safety warrants, a person may, as a rule, proceed in the absence of a stop signal. * * *" 213 Ala. 254, 104 So. 435.

We see no sound reason why the stated principle should not apply to the officer in the instant case, who was at his post of duty directing traffic.

## Assignment 23

Appellant contends that the court erred in giving to the jury at the request of the plaintiff charge number 3 because it had a tendency to mislead and make uncertain a portion of the court's oral charge. The remedy in such a case, if so, was to ask an explanatory charge, since any misleading tendency would have been thus cured. Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320; Moore v. Nashville, C. & St. L. R., 137 Ala. 495, 34 So. 617.

## Assignment 24

As we understand it, the contention of the appellant in regard to plaintiff's written requested charge number 4 is that the charge is contradictory and confusing. If the charge was indeed misleading, an explanatory charge could have cured the defect. Cases *ubi supra.*

It appears to us, moreover, that any possible misleading tendency was cleared up by the giving of defendant's charge number 70.

## Assignment 25

Objection is made that there is no evidence to support plaintiff's charge 10, giving of which appellant makes the basis of Assignment 25. The charge states a correct principle of law. St. Mary's Academy of Sisters of Loretto of City of Denver v. Newhagen, 77 Colo. 471, 473, 238 P. 21. But if the charge was abstract it had no tendency to prejudice the defendant's case and its giving could work no reversible error. Shelton v. State, 144 Ala. 106, 42 So. 30.

## Assignment 26

Appellant contends that given charge number 11 for plaintiff, made the basis of Assignment 26, does not express a correct principle of law, but we entertain the view that it comes within the authority of Goodwyn v. Gibson, 235 Ala. 19, 21, 177 So. 140.

## Assignments 39, 40, 41, 42, 45, 46 and 49

Under the theory of the Cunningham case, supra, which we consider to be applicable, the charges here assigned were properly refused as unduly minimizing the reliance that may be placed upon a watchman or flagman. It is our understanding that the purpose of a flagman is to get travellers safely onto the highway and to aid them in clearing the congested or dangerous area.

On a careful study of the record in connection with the applicable law, we have concluded the case was fairly tried without substantial error to the defendant.

Affirmed.

LAWSON, GOODWYN, MERRILL and MAYFIELD, JJ., concur.