130 So.2d 176

Leon HUGHES et al.

v.

James M. McANNALLY.

Leon HUGHES et al.

v.

Mary Frances McANNALLY.

6 Div. 363, 364.

Supreme Court of Alabama.

May 18, 1961.

Ford, Caldwell, Ford & Payne and M. U. Griffin, II, Huntsville, for appellants.

Johnson & Randall, Oneonta, for appellees.

LIVINGSTON, Chief Justice.

The record before us presents for review two judgments rendered by the Circuit Court of Blount County, Alabama. The suits are for personal injuries received by each of the plaintiffs in the court below in the same automobile accident. One of the plaintiffs below was James M. McAnnally, and the other, his wife, Mary Frances McAnnally. The two cases were tried together on the same evidence and are presented for review here by one record. The cases were tried without the aid of a jury.

The defendants below were Ernest Hogan, Leon Hughes, James Edward Rogers, and the Olin Mathieson Chemical Corporation, a Corporation.

Both judgments below are in favor of Ernest Hogan, and from such judgments no appeal was perfected.

In the case of James M. McAnnally there was a judgment for $16,300, and in the case of Mary Frances McAnnally there was a judgment for $7,200.

It is not disputed that James M. McAnnally and his wife, Mary Frances McAnnally, were carrying their small child to a doctor in Blountsville, Alabama. It was in the nighttime and the car in which the McAnnallys were riding ran into, or under the back end of a trailer-truck driven by James Edward Rogers, who is alleged to have been the agent or servant of Ernest Hogan, Leon Hughes and Olin Mathieson Chemical Corporation, a Corporation, causing the damage complained of.

The same errors are assigned, separately and severally, in each case. Each complaint, as last amended in the court below, contained Counts 3, 4, 5, 6 and 7. Demurrers were interposed to the counts on which the cases were tried and were overruled. Also, motions for a new trial in each case were overruled by the trial court.

Assignments of error 9 through 15, and 18 through 22, present the question of the sufficiency of the evidence to support the judgments rendered. Although some of these assignments are quite general, and although some of them are argued in bulk, and some argued in bulk are without merit, we will discuss the question of whether the judgments should be reversed because against the great weight of the evidence.

■ Our court has repeatedly declared that when a case is tried by the court without the intervention of a jury, on evidence heard ore tenus, the conclusion of the trial judge as to a question of fact has the effect of a verdict of a jury, and that if it was supported by the evidence, it is not subject to review, Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Norris v. Kelly, 249 Ala. 281, 31 So.2d 129; Morgan County v. Griffith, 257 Ala. 401, 59 So.2d 804, and this is so notwithstanding Sec. 260 of Title 7, Code of 1940; American Discount Co. v. Gene Beck, 263 Ala. 470, 83 So.2d 232. The judgment of the trial court having

the effect of the verdict of the jury, the pertinent inquiry is whether there was sufficient evidence to support the judgments. Authorities, supra.

The witnesses, James M. McAnnally, and his wife, Mary Frances McAnnally, testified that the truck was parked on the highway without lights on the occasion complained of. The witness, Bethel Chambers, testified that he was in a service station that was near the scene of the accident, that he heard the *slam* and immediately took two steps and opened the service station door, he looked down the highway from which the noise came and toward the river, and everything was dark and no lights were on at that time in that direction; he then looked across the highway toward his house and saw nothing in that direction; he next looked up the highway toward Blountsville and there were no lights in that direction; that after looking in those directions, he then turned and looked back down the highway toward where the noise first occurred and saw lights on the truck. There was other testimony to the effect that the hood of the tractor-truck was up when witnesses reached the scene of the accident. There was also testimony to the effect that after the accident the driver of the truck, and others present, tried several times, without success, to start the motor of the truck. A Coca Cola bottle of gasoline was put in the carburetor, but the truck would not start. The truck was pulled by a wrecker up to or near the Mutual Oil Company Service Station. More gasoline was put in the truck and another Coca Cola bottle of gasoline was put in the carburetor, after which the motor started and the truck was pulled up to the tank at the service station where enough gasoline was put in it to make $5 worth of gasoline, all told, put in the truck. The truck was then driven away.

There was other testimony to the effect that a short distance from where the accident occurred, and before the accident, the truck was spitting and sputtering.

We have not tried to delineate all of the evidence which tended to prove that the truck was either slowly moving without lights on the highway, or that the truck was out of gasoline and parked on the highway without lights.

After careful examination of the entire evidence, we are clear to the conclusion that the question of the negligence vel non of the driver of the truck on the conflicting evidence was one for the trial judge, and we are not unmindful of the fact that the evidence is conflicting on the questions of fact presented. We are clear to the conclusion that the findings by the trial judge were not contrary to the great weight of the evidence.

Assignments of error 23 to 30, both inclusive, complain of the admission of testimony by four witnesses regarding experiment performed by the witnesses approximately 22 months after the accident occurred. These assignments of error are directed toward the entire testimony of the individual witnesses, pointing in particular only to the pages in the transcript where the evidence is found. During the testimony of these witnesses, there were several objections made; sometimes several grounds for these objections were set forth, sometimes no ground was set forth, sometimes the objections were overruled, and at others sustained, and at other times there was no ruling made by the court. There is no way for us to determine just what action of the trial court is being assigned as error. We have repeatedly held that assignments of error of this nature cannot be sustained. New v. Young, 148 Ala. 253, 41 So. 523; Southern Ry. Co. v. Cunningham, 152 Ala. 147, 44 So. 658; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Southern Hardware & Sup. Co. v. Standard Equipment Co., 165 Ala. 582, 51 So. 789; Hall v. Pearce, 209 Ala. 397, 96 So. 608; Dabbs v. Letson, 210 Ala. 306, 98 So. 4; Bobo v. Talley, 213 Ala. 83, 104 So. 32; Malone v. Reynolds, 213 Ala. 681, 105 So. 891; Alabama Water

Co. v. Wilson, 214 Ala. 364, 107 So. 821; Sovereign Camp, W.O.W., v. Waller, 232 Ala. 170, 167 So. 563; Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637; Crescent Amusement Co. v. Knight, 263 Ala. 445, 82 So.2d 919; Farmers' Mutual Insurance Ass'n of Alabama v. Tankersley, 13 Ala.App. 524, 69 So. 410.

Assignments of error 16 and 17 are predicated upon the trial court's overruling appellant's motion for a new trial. The argument made in support of these assignments is to the effect that the great weight of the evidence was against the judgment of the trial court. We have effectively disposed of these assignments in the discussion above. We find no error in the record and the cases are each affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.